UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER, | Case No. 2:22-cv-01520-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| SACRAMENTO COUNTY, *et al.*, | ECF No. 5 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT, OR |
| | (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED |
| | ECF No. 4 |
| | THIRTY-DAY DEADLINE |

Plaintiff Brandon Eugene Hunter is an inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendants—Adult Correctional Health Services, Sacramento County, an unnamed sheriff's deputy, and an unnamed nurse—violated his Eighth Amendment rights by failing to provide him with adequate medical care.[1] His

---

[1] Plaintiff filed his initial complaint on August 29, 2022, and then filed an amended complaint on August 30, 2022. *See* ECF Nos. 1 & 4. I will treat the complaint filed on August 30, 2022, as the operative complaint.

1

allegations are not cognizable. I will grant plaintiff the opportunity to file an amended complaint, and I will grant his application to proceed *in forma pauperis*.

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions will not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Discussion

Plaintiff alleges that he has been denied treatment for a shoulder injury, hemorrhoids, and a fungal infection affecting a toe. ECF No. 4 at 3-4. He claims that his pain prescriptions are

1  insufficient to alleviate his chronic pain. *Id.* at 4.  Plaintiff also alleges that an unnamed
2  defendant sheriff's deputy caused his scheduled MRI to be canceled because the deputy
3  inaccurately told the unnamed defendant nurse that plaintiff had refused the MRI. *Id.* at 3-4.
4        Plaintiff's allegations, taken as true, do not state cognizable claims against defendants.
5  First, plaintiff cannot maintain his claim against Sacramento County's Adult Correctional Health
6  because the entity is not a proper defendant under 42 U.S.C. § 1983.  *See Sullivan v. Adult Corr.*
7  *Health Care*, No. 2:22-cv-1572 KJN P, 2022 WL 4586300, *2 (E.D. Cal. Sept. 29, 2022) (finding
8  that "local government sub-units" are not generally considered proper defendants under section
9  1983 and dismissing Adult Correctional Health Care from the action).  Further, plaintiff's
10 complaint fails to state a claim against Sacramento County because plaintiff does not allege that
11 his civil rights were violated due to a policy or custom.  *See Villegas v. Golroy Garlic Festival*
12 *Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Generally, a municipality is liable under *Monell* [*v.*
13 *Dep't of Soc.l Servs. of New York*, 436 U.S. 658 (1978)] only if a municipal policy or custom was
14 the 'moving force' behind the constitutional violation."); *Long v. Cnty. of Los Angeles*, 442 F.3d
15 1178, 1185 (9th Cir. 2006) ("A municipality may not be sued under § 1983 solely because an
16 injury was inflicted by its employees or agents . . . .").
17       Additionally, plaintiff's allegations do not state a deliberate indifference claim against the
18 unnamed defendant nurse.[2]  To succeed on a claim for medical deliberate indifference, plaintiff
19 must allege that the defendant consciously disregarded an excessive risk to his health.  *Jackson v.*
20 *McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Plaintiff merely alleges that his appointment was
21 canceled because the nurse was led to believe that he refused the appointment.  ECF No. 4 at 4.

---

[2] Plaintiff does not state whether he was a pretrial detainee during the events at issue.  If he was, then his challenges to the conditions of his confinement would be analyzed under the Fourteenth Amendment's Due Process Clause, instead of the Eighth Amendment.  *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) ("[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard.") (internal marks omitted).  The result of the analysis herein remains the same in both circumstances.

1   Accidents or negligence do not amount to the wanton infliction of pain required to state a
2   deliberate indifference claim. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

3         Plaintiff's allegations are similarly too conclusory to state a cognizable deliberate
4   indifference claim against the unnamed defendant deputy.  Deliberate indifference only applies
5   when a defendant is subjectively aware of a risk to the plaintiff.  *Farmer v. Brennan*, 511 U.S.
6   825, 837 (1994).  "To establish a prison official's deliberate indifference, an inmate must show
7   that the official was aware of a risk to the inmate's health or safety and that the official
8   deliberately disregarded the risk."  *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009).  Plaintiff
9   alleges that the unnamed defendant deputy lied to a nurse, resulting in the cancellation of his
10  MRI, for the purpose of preventing the MRI.  ECF No. 4 at 3.  But plaintiff does not allege that
11  the defendant deputy had knowledge either of his injuries or of any health risks that might result
12  from the denial or delay of an MRI.  Further, plaintiff does not explain how his alleged need for
13  an MRI was a "serious medical need" or how he was harmed by the denial or delay.  *See Jett v.*
14  *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that a claim of deliberate indifference to
15  serious medical needs requires a "serious medical need").

16        I will give plaintiff leave to amend his complaint.  If plaintiff chooses to file an amended
17  complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa*
18  *Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint
19  must be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule
20  220.  Once an amended complaint is filed, the current complaint no longer serves any function.
21  Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim
22  and allege each defendant's involvement in sufficient detail.  The amended complaint should be
23  titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does
24  not file an amended complaint, I will recommend that this action be dismissed.

25        Accordingly, it is ORDERED that:
26        1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is granted.

27
28

4

      2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

      3. Failure to comply with this order may result in the dismissal of this action.

      4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    December 1, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE