UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY AND ADULT CORRECTIONAL HEALTH,<br><br>Defendants. | Case No.  2:22-cv-01520-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) PROCEED ONLY WITH HIS EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST SACRAMENTO COUNTY; OR<br><br>(2) DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT<br><br>ECF No. 10 |

Plaintiff, an inmate in the Sacramento County Jail, alleges that Sacramento County and two "Doe" defendants violated his Eighth Amendment rights by denying him adequate medical care for injuries to his shoulders.  ECF No. 10 at 3-4.  His allegations against Sacramento County are suitable to proceed, but his claims against "Doe" defendants are not.  Plaintiff may either proceed only with his claim against the county, or he may delay serving any defendant and file another amended complaint.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he sustained a torn labrum in his right shoulder sometime in either 2016 or 2017, while incarcerated at CDCR's California Men's Colony. ECF No. 10 at 3. Before surgery could be scheduled and performed, he was released from prison. *Id.* After a two-year bout of homelessness, plaintiff was arrested in Los Angeles in 2020 and extradited to Sacramento County. *Id.* Upon arrival at the Sacramento County Jail, plaintiff alleges that he put in a medical request for shoulder surgery and complained of pain and lack of mobility. *Id.* at 4. He claims that approximately fourteen months passed without either an MRI or surgery being performed.

*Id.*

Plaintiff alleges that Sacramento County is responsible for the delay because it had a policy of overcrowding its jail, rendering timely and adequate medical treatment impossible. *Id.* at 7. Liberally construed, this allegation is sufficient to allege the existence of an unwritten county policy that is responsible for plaintiff's injury. *See St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (holding that "a plaintiff may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law.'").

Plaintiff's claims against two "Doe" defendants are unsuitable to proceed, however. As to "Doe 1," he alleges that this individual erroneously informed him that his MRI had been delayed because plaintiff had refused an earlier MRI. ECF No. 10 at 5. Plaintiff disputed this account with "Doe 1." *Id.* "Doe 1" did put in a request for surgery on plaintiff's right shoulder, but he refused to grant plaintiff's request for another MRI on that shoulder prior to surgery. *Id.* Plaintiff alleges that he is concerned that, absent a new MRI, surgery to repair his shoulder might not be fully effective. *Id.* at 5-6. These allegations are insufficient to establish deliberate indifference. Whether or not plaintiff refused an earlier MRI, there is no allegation that "Doe 1" was responsible for the delay in treating plaintiff's shoulder. And the failure to order another MRI amounts to a disagreement in treatment, which is not actionable under the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

As for "Doe 2," plaintiff alleges only that this person or entity—he is uncertain whether it is a single person or a group of individuals—is responsible for the delay in his surgery. ECF No. 10 at 6. This allegation is too vague to proceed. Plaintiff does not allege how this individual(s) is responsible for the delay, or how plaintiff has arrived at the conclusion that he, she, or they are to blame.

Plaintiff may either proceed only with the cognizable claim against defendant Sacramento County identified above or he may delay service and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).

This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

    Accordingly, it is ORDERED that:

    1. Within thirty days from the service of this order, plaintiff must either advise that he wishes to proceed only with his Eighth Amendment deliberate indifference to medical needs claims against defendant Sacramento County or delay service and file an amended complaint.

    2. Failure to comply with this order may result in the dismissal of this action.

    3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 7, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE