UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br><br>    Plaintiff,<br><br> v.<br><br>SACRAMENTO COUNTY,<br><br>    Defendant. | Case No.  2:22-cv-01520-JDP (PC)<br><br>**ORDER TO SHOW CAUSE**<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

  On August 8, 2024, defendant filed a motion to compel.  ECF No. 29.  To date, plaintiff has not filed a response.

  To manage its docket effectively, the court requires litigants to meet certain deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules.  *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

  I will give plaintiff a chance to explain why the court should not dismiss the case for his failure to file an opposition or statement of non-opposition to defendant's motion.  Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result

1

in a recommendation that this action be dismissed.  Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to comply with court orders.  Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, an opposition or statement of non-opposition to defendant's motion.

IT IS SO ORDERED.

Dated:    October 4, 2024                                    _____
                                                             JEREMY D. PETERSON
                                                             UNITED STATES MAGISTRATE JUDGE