UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY,<br><br>Defendant. | Case No. 2:22-cv-1520-DJC-JDP (P)<br><br>ORDER |

Plaintiff, who is a civil detainee and proceeding without counsel, has filed a motion for reconsideration of the costs assessed against him. ECF No. 39. In August 2024, defendant filed a motion to compel arguing that plaintiff has not responded to any written discovery and failed to appear at his deposition. ECF No. 29. Plaintiff did not file a timely a response, so on October 7, 2024, I ordered plaintiff to (1) to show cause why this action should not be dismissed for his failure to comply with court orders and failure to prosecute, and (2) to file a response to defendant's motion. ECF No. 30. I also warned plaintiff that failure to comply with the court order would result in a recommendation that this action be dismissed. *Id*. After plaintiff failed to respond again, I recommended that this action be dismissed for failure to comply with court orders and failure to prosecute. ECF No. 32. Plaintiff filed no objections, and the court adopted the recommendations and closed this action on January 10, 2025. ECF No. 33.

1

1    After the case closed, defendant timely filed a bill of costs. ECF No. 35. The bill was for
2 a $650 charge for plaintiff's failure to appear at his noticed deposition. *Id.* On February 4, 2025,
3 the Clerk of Court taxed costs in the amount of $650 against plaintiff. For the following reasons,
4 plaintiff's motion for reconsideration is denied.

5    Under Rule 60(b), the court may grant reconsideration of a final judgment and any order
6 based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
7 which, with reasonable diligence, could not have been discovered within ten days of entry of
8 judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ.
9 P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought "within a
10 reasonable time." Fed. R. Civ. P. 60(c)(1). Motions for reconsideration should be granted only in
11 rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).
12 Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v.*
13 *Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

14    Additionally, Local Rule 230(j) requires that, when a party makes a motion for
15 reconsideration, the party must show "what new or different facts or circumstances are claimed to
16 exist or were not shown upon such prior motion, or what other grounds exist for the motion" and
17 "why the facts and circumstances were not shown at the time of the prior motion." "A motion for
18 reconsideration should not be granted, absent highly unusual circumstances, unless the district
19 court is presented with newly discovered evidence, committed clear error, or if there is an
20 intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH*
21 *& Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted).

22    Here, plaintiff moves for reconsideration of the imposition of costs on two grounds. ECF
23 No. 39. First, he argues that he was medically incapacitated and not mentally fit to proceed with
24 the deposition. *Id.* Second, he argues that he was denied legal materials during his treatment. *Id.*

25    Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . should be allowed to the
26 prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs
27 to prevailing parties; the losing party must show why costs should not be awarded." *Save Our*
28 *Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). Eastern District of California

Local Rule 292(b) states that a prevailing party may serve and file a bill of costs "[w]ithin fourteen (14) days after entry of judgment or order under which costs may be claimed[.]" "The party against whom costs are claimed may, within seven (7) days from the date of service, file specific objections to claimed items with a statement of grounds for objection." Local Rule 292(c). "If no objection is filed, the Clerk shall proceed to tax and enter costs." Local Rule 292(d). "On motion filed and served within seven (7) days after notice of the taxing of costs has been served, the action of the Clerk may be reviewed by the Court as provided in Fed. R. Civ. P. 54(d)." Local Rule 292(e).

In this case, while defendant filed his bill of costs within fourteen days after entry of judgment, plaintiff failed to file either objections to defendant's bill of costs or a motion for review by the court within seven days after costs were taxed. Nevertheless, the court will consider the merits of plaintiff's motion for reconsideration.

Plaintiff's argument that he was medically incapacitated does not relieve him of his obligations to litigate this action. Defendant filed its motion to compel in August 2024, yet plaintiff did not respond to either defendant's motion or court orders until February 2025. Plaintiff argues that he was medically incapacitated and without legal materials when the deposition was scheduled in July 2024, but he does not indicate that he has been incapacitated since then or otherwise incapable of responding to court's orders.

Plaintiff has not established that the amount of costs imposed is inaccurate, or that an amount exceeding the costs imposed was deducted from his prison trust account. The court finds that there are no new facts or circumstances to warrant reconsideration, and that the $650 in costs was properly assessed against plaintiff as the non-prevailing party.

Accordingly, it is hereby ORDERED that plaintiff's motion for reconsideration, ECF No. 39, is denied.

IT IS SO ORDERED.

Dated: \_\_\_\_February 27, 2025\_\_\_\_

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3