UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER, | No. 2:22-cv-01520-DJC-JDP |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| SACRAMENTO COUNTY | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action seeking relief under 42 U.S.C. section 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. Section 636(b)(1)(B) and Local Rule 302.

On November 7, 2024, Magistrate Judge Peterson filed Findings and Recommendations which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within fourteen days. (F. & R. (ECF No. 32).) In the Findings and Recommendations, the Magistrate Judge recommended that the case be dismissed for failure to comply with court orders requiring Plaintiff to respond to Defendant's filings, and failure to prosecute. (*Id.*) Plaintiff did not file an objection. The Court adopted the Findings and Recommendations on January 10, 2025, and ordered the case closed. (ECF No. 33.)

On February 4, 2025, the Court taxed an amount of $650 against Plaintiff related to costs associated with Plaintiff's failure to appear at a deposition. (ECF No. 38.) On February 24, 2025, Plaintiff filed a Motion for Reconsideration of those costs (ECF No. 39), which was denied by Magistrate Judge Peterson on February 28, 2025 (ECF No. 40.) On March 10, 2025, Plaintiff submitted a new Motion for Reconsideration (ECF No. 41) of costs taxed against him, and a Motion for Reconsideration (ECF No. 42) asking the Court to reconsider all rulings issued between July 1, 2024, and the present date. In his second Motion for Reconsideration of the costs taxed against him (ECF No. 41), Plaintiff notes that the Motion is meant to explain "why the accompanying motion [ECF No. 42] should be granted by this court." (ECF No. 41 at 2.) He goes on to state that the first Motion (ECF No. 39) he filed was done so "with intentions of putting these courts on notice" that he would be filing "a bigger motion [ECF No 42]" to explain his "absence in full details as to all orders since July 1st 2024 to the present, which Plaintiff is now submitting with this motion." (ECF No. 41 at 3.) Accordingly, the Court will consider the newly filed Motions (ECF Nos. 41 and 42) jointly, as they both seek to provide context regarding Plaintiff's failure to respond to Defendant's filings and court orders.

**1. Plaintiff is Not Entitled to Reconsideration of Court Orders**

Plaintiff asserts that under Federal Rule of Civil Procedure 60, the Court should grant reconsideration of its prior orders dismissing his case, taxing costs against him, and previously denying reconsideration. (ECF No. 41 at 1–3.)

The Court agrees that Plaintiff's Motions should be construed as Motions for Relief from Judgment or Order under Federal Rule of Civil Procedure 60. As relevant here, Rule 60 provides that a party may seek relief for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; and (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1), (3). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented

2

with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted).

Plaintiff documents that he is suffering from a shoulder and other bodily injuries, and a mental health decline. (ECF No. 42 at 1.) Plaintiff also reports that from July 2024 through October 2024, and currently, he has experienced or is experiencing suicidal thoughts. (*Id.* at 6.) He points to these experiences, as well as alleged mistreatment by Sacramento County Main Jail staff and opposing counsel, as providing a sufficient basis for this Court to reconsider its previous orders. While the Court recognizes Plaintiff's negative experience at the Sacramento County Main Jail, his proffered reasons do not constitute excusable neglect, nor does he sufficiently identify misconduct by an opposing party that would justify reconsideration.

Where a party misses a filing deadline, as Plaintiff has numerous times in this case, courts use the four-factor *Pioneer* test to determine whether it constitutes excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380 (1993); *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Under *Pioneer*, courts consider: [1] the danger of prejudice to the defendant, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the plaintiff, and [4] whether the plaintiff acted in good faith. *Briones*, 116 F.3d at 381. This is an equitable test that takes into account "all relevant circumstances surrounding the party's omission." *Id.* "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." *Id.* at 382.

Here, the *Pioneer* factors guide the Court against reconsideration. As to the first factor, Plaintiff's failure to prosecute has already delayed the case, and any further delay from reopening and relitigating the case would continue to prejudice

Defendants who have fairly sought to close this case. *See Allah v. Rutledge*, No. EDCV171748JAKRAO, 2020 WL 8410446, *4 (C.D. Cal. Aug. 24, 2020). Second, and relatedly, this case has already experienced significant prolongment due to Plaintiff's failure to respond to court orders and litigate. "Although Plaintiff's delay in moving for relief from the judgment was relatively short, Plaintiff has been responsible for a much longer delay in prosecuting the case at earlier stages," and accordingly, this factor weighs against Plaintiff. *Id*. Third, while the Court is sympathetic to Plaintiff's mental state and conditions at the Sacramento County Main Jail, he has not identified any compelling reason for his delay or neglect in making court filings. For example, he has not claimed that he did not receive the Defendant's filings or any court orders. *Cf. id*. (finding excusable neglect when a prisoner did not receive a filing due to being hospitalized and when the prisoner "attempted to file an opposition to the motion to dismiss immediately after receiving, but it did not reach the Court"). As to the fourth factor of good faith, the Court has insufficient information in front of it to properly weigh this factor either in Plaintiff's favor or Defendant's. However, given that the previous three factors weigh in favor of denying reconsideration, the Court concludes that denial is appropriate. Simply stated, the general distress reported by Plaintiff does not excuse his failure to respond to Defendant's filings or court orders requiring him to respond to Defendant's filings.

       Separately, Plaintiff provides unsubstantiated accusations against defense counsel Porter Scott, alleging that defense counsel was a "major participant in having deputies retaliate against [Plaintiff] to make it easier for [defense counsel] to defeat [Plaintiff] in court." (ECF No. 43 at 6.) The Court finds that these unsupported accusations against Defendants and defense counsel do not constitute "misconduct by an opposing party," and the Court declines to use this as a basis for reconsideration of its prior orders. And regardless of the merits of Plaintiff's allegations, none of Plaintiff's arguments derive from information not available in February 2025, when Plaintiff filed his initial Motion for Reconsideration (ECF No. 39),

1 | and thus, the subsequent Motions (ECF Nos. 41 and 42) are not properly before the
2 | Court. *Marlyn Nutraceuticals, Inc.*, 571 F.3d at 880.

### CONCLUSION

Plaintiff's Motions for Relief from a Judgment or Order pursuant to Rule 60 (ECF Nos. 42 and 43) are DENIED. This action shall remain closed and no further filings in this closed action shall be accepted.

IT IS SO ORDERED.

Dated:   **May 23, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC5-hunter222cv01520.jo

5